We're on the second part of this code. I understand. Okay. Do you have anything to add to what we've heard? Of course. Good.  Owens really stood for the proposition, and does still, that the courts were attempting to avoid the breeding of confusion, inconsistency, and further litigation, where the trial courts are trying to determine which of the statutes of limitations apply, whether it's the general negligence statute or the intentional tort statute. And they cured that problem, and rightfully and wisely, by saying, look, we're going to always refer to the three year statute, to the general statute, when there is this kind of confusion. So their intention was to avoid that confusion. In the, with the CVA cases, in our case that's here, that's just not a problem. The Owens court is not being contradicted when we say that the CVA applies to both the negligence tort and the deliberate tort. It applies to all of them. That's what the statute itself says. So the confusion is eliminated by the statute itself. The purpose of Owens is fulfilled without any problem. And that's what makes this actually very simple, in that respect, that the CVA does not create, and has no tendency to create, has nothing built into it to create confusion, further litigation, and so forth. Not just the rule of Owens is that you should not have to look at what the particular claims are about. That's the rule of Owens. We're going to apply the generally applicable statute, so we don't have to look at what the claims are about. Precisely. Your rule would contradict that, because we'd have to look to see, is this a childhood sexual abuse claim, or is it not? Doesn't matter whether it's negligence or intentional, we have to look at the type of claim it is. And Owens says the federal courts, when they're dealing with section 1983 and title 9, are not going to do that. We're not going to do that when we look at the initial statute limitations, and we're not going to do that when we look at the tolling provisions, because that wouldn't make any sense to do what we don't want to do, looking at the initial statute, and gloss that on to the tolling provisions. We'd have to look at each individual tolling provision for every type of claim. And Owens says, we're not going to do that, or am I misunderstanding what Owens said? I believe that, with respect, Judge, that you are, Judge Bianco, misunderstanding it, and that in this regard. There's no reason to look at the particular statute. It's ubiquitous. It covers both kinds of statutes of limitations. So there's no need to look at it. It's already resolved in the statute itself. And- Council, as Judge Cabranes asked the previous litigants, have you fought in state court as well? Yes, of course we did, just to protect them. And within the window, allowed? We were within the window, yes, your honor. But there's also something that I don't think was mentioned by prior counsel, if you allow me to bring it up. And that is that I think that the judge's point about the Johnson case fits here in that the whole state statute of limitations schema is taken into account by the courts uniformly. And think about it this way. There is a statute in the same schema of state laws of statute of limitations, 208, CPLR 208A, that expands the statutes as to minors. Nobody has any problem with that. No court, no federal court has said, wait a minute, that's a problem, we gotta figure this out. It's very much the same problem that we have here. There is no problem, basically. Because the courts have allowed that kind of interpretation without any difficulty. And there's a second point that's not been mentioned. And that is the policy reason behind the court's decision in Owens. And the Owens court talks about making sure that the most general statute applies for policy reasons so that there can be an effective remedy for violations of civil rights. They actually go out and they say that. And they also indicate that injuries are not necessarily apparent to victims at the time that they are inflicted. So it's a good thing to allow for the more general statute to apply. Using that logic, it makes even more sense to allow a statute to extend as long as the CVA does, so that the civil rights, particularly of sexually abused children, are protected. We all know it's a very real factor in sexual abuse cases that very often the victim fears revealing what has happened for years, suffers under the loss of memory because of what happened over the years. And so this statute was designed to remedy that. And that's consistent explicitly with the holding in Owens. So for all of those reasons, I think you have to look beyond the rulings where in other cases they're trying to decide which statute specially applies, which extension applies. When here, it applies uniformly to all state statutes, the CVA, so. Thank you, Mr. Owens. I take it you would adopt Mr. Mulhern's arguments as well. Not sure about, yes I would. I think you're sure. I think I would. Thank you. Just want to make sure. Good morning, your honors. Joshua Steierman on behalf of the appellees. Your honor, in Owens versus Ikori, the United States Supreme Court set out to provide courts with a rule for determining the appropriate personal injury limitation statute that can be applied with ease and predictability in all 50 states. And they did that by setting forth that the statute of limitations for 1983 claims is to be barred from the general or residual statute of limitations. As Judge Bianco pointed out, the fourth department in BL Doe 3, so that the only way to determine whether the CVA is a revival statute related- Well, it is a revival statute, isn't it? Doesn't it, isn't it by its own terms? By its own terms, but the only way to assess that is to assess the specific facts and allegations. What does it revive? What case does it revive? It revives specifically child sex abuse claims that are actionable or qualify under the terms of Penal Law 130. It's a specific subset of child sex abuse claims. Correct, and I assume that you're, that Jane Coe was abused under that particular statute. Yes, she was. Under the allegations of the complaint, she would qualify. So why isn't her lawsuit revived? Her lawsuit is revived on state court common law. Under the state court action that was filed, the claims against the perpetrator and the claims against the employer. Are you defending in that action, in the state action? Yes, I am. Yes, your honor, I am. Are you making the same arguments there? The plaintiff in that action has not asserted 1983 or Title IX claims there. It was only asserted in federal court. I see, go on. But the fourth department didn't say it wasn't a revival statute. The fourth department said it is a revival statute. It said we nonetheless conclude that CPLR 214 is not a revival statute related to the residual personal injury statute, the general provision, right? That's correct. And it also said in order to do that analysis, you have to do an underlying analysis of the facts and legal claims asserted. Which runs in direct contravention of Owens. They say we require us to impermissibly consider the particular facts or the precise legal theory of the claim. And it says under Wilson and Owens, we can't do that. That's correct, your honor. In addition to the fourth department, every district court in New York, Western, Eastern, Northern, Southern has ruled, similarly to the court in this matter, that the claims are time barred. And without belaboring the point, these claims survive, not 1983 and Title IX, but the claims that Mr. Ray is seeking to redress survive in state court. It's currently pending. There is no reason to alter Supreme Court precedent, federal precedent, and change the applicable statute of limitations, which is three years for these claims in this matter. Thank you, your honors. Thank you very much. Mr. Ray, you reserve some time? I did, but I don't think I need it. Thanks very much. Thank you, Judge. We reserve decision and we thank you both for your argument.